**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDREW COX, JR.,**                               **CASE NO. 2:07-cv-0936**
                                                                 **JUDGE MARBLEY**
                    **Petitioner,**                         **MAGISTRATE JUDGE KEMP**

**v.**

**TIMOTHY BRUNSMAN, Warden,**

        **Respondent.**

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss or transfer proceedings to the United States Court of Appeals for the Sixth Circuit, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss or transfer be **DENIED**, and that this action be **DISMISSED.**

**PROCEDURAL HISTORY**

This action involves petitioner's September 1993 conviction after a jury trial in the Delaware County Court of Common Pleas on rape, in violation of O.R.C. §2907.02. *See Petition; Exhibit 1 to Return of Writ.* The trial court sentenced petitioner to ten to twenty-five years incarceration. *See id.* The Ohio Court of Appeals affirmed petitioner's convictions and sentence and Ohio Supreme Court dismissed petitioner's subsequent appeal. *Id.* In 1997, petitioner filed his first federal habeas corpus petition, which action this Court dismissed on April 25, 1997. *See Exhibit 2 to Motion to Dismiss; Cox v. Wingard,* Case No. 97-

cv-423. On June 17, 1998, the United States Court of Appeals for the Sixth Circuit denied petitioner's application for a certificate of appealability. *See id.* Approximately seven years later, after a hearing conducted on June 23, 2005, and in a judgment entry filed on July 11, 2005, the trial court classified petitioner as a sexual predator. It is this classification as a sexual predator that petitioner challenges in these habeas corpus proceedings. Petitioner indicates that he filed a timely notice of appeal of his classification as a sexual predator, *Petition*, at 18, but he does not but does not indicate the status of such appeal, or whether he pursued an appeal to the Ohio Supreme Court.

On September 18, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The trial court's determination that Mr. Cox should be classified as a sexual predator pursuant to R.C. 2950 et seq was against the manifest weight of the evidence presented by the State of Ohio at the sexual offender classification hearing.
>
> 2. The finding of petitioner to be a sexual predator violated his protections against the Ex Post Facto Clause of the United States and Ohio constitutions.
>
> 3. The duty of petitioner to register and the notification requirements are a violation of the retroactive clause of the Ohio Constitution.

It is the position of the respondent that this action must be dismissed or transferred to the United States Court of Appeals as a successive petition.

## SUCCESSIVE PETITIONS

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States,* 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir.), *cert. denied,* 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997)( *per curia* ). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States,* 96 F.3d 990 (7th Cir.1996).

Here, however, petitioner filed and this Court dismissed his first federal habeas corpus petition in 1997, long before petitioner's July 2005 classification as a sexual predator, which is the sole issue raised in these proceedings. Through no fault of his own, petitioner therefore could not have raised his current claims in his prior §2254 petition. Under these circumstances, this Court is not persuaded that this action constitutes a successive petition as defined under the AEDPA subject to authorization for filing by the Sixth Circuit Court of Appeals.

3

AEDPA does not define what constitutes a "second or successive" petition. Courts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a "second" petition for the purposes of AEDPA. *See United States v. Barrett,* 178 F.3d 34, 42-44 (1st Cir.1999). To interpret the term "second or successive," courts look to the pre-AEDPA abuse-of-the-writ doctrine. *See Martinez-Villareal,* 523 U.S. at 643-45, 118 S.Ct. 1618; *Muniz v. United States,* 236 F.3d 122, 127 (2d Cir.2001) (per curiam) ("We ... answer the question of whether a petition is second or successive with reference to the equitable principles underlying the abuse of the writ doctrine.").

Under the abuse-of-the-writ doctrine, a subsequent petition is "second or successive" when it raises a claim that was, or could have been, raised in an earlier petition. *See McCleskey v. Zant,* 499 U.S. 467, 493-95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *cf. Thomas v. Superintendent/Woodbourne Corr. Facility,* 136 F.3d 227, 229 (2d Cir.1997) (per curiam) (instructing a district court to determine whether a petition was successive by considering "whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition"). Consequently, a claim raised in a prior Section 2254 petition, but dismissed as premature, is not subject to the gatekeeping provision of Section 2244. *See Martinez-Villareal,* 523 U.S. at 643-44, 118 S.Ct. 1618. Similarly, a petition is not "second or successive" when a state petitioner whose first petition was dismissed for failure to exhaust state remedies brings a new petition based on the exhausted claim. *See Camarano v. Irvin,* 98 F.3d 44, 46 (2d Cir.1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition ... would conflict with the doctrine of writ abuse ...."). By the same logic, when a subsequent habeas petition contains both a new claim that could not have been raised in a prior petition and a claim that was previously raised, we deem such petition "first" as to the new claim and "second" as to the old claim. *See Galtieri v. United States,* 128 F.3d 33, 37-38 (2d Cir.1997).

*James v. Walsh*, 308 F.3d 162, 168 (2nd Cir. 2002); *see also In re Taylor*, 171 F.3d 185, (4th Cir.

4

1999)(concluding that second §2255 motion raising solely issues arising from re-sentencing after grant of first §2255 motion did not constitute a successive petition); *see also Bachman v. Wilson*, 2007 WL 4553988, at **7, 9 n.16 (N.D. Ohio, Eastern Division December 19, 2007)(noting that second habeas corpus petition raising issues relating to sexual predator hearing that could not have been raised in first habeas corpus petition was not a successive petition).

In any event, and assuming, *arguendo*, that petitioner has exhausted state court remedies as to his claims, *see* 28 U.S.C. §2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), which is not apparent from the petition, the United States Court of Appeals for the Sixth Circuit has held that claims challenging the constitutionality of a petitioner's classification as a sexual predator fail to present an issue appropriate for federal habeas corpus review:

> A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution or laws or treaties of the United States.*" 28 U.S.C. § 2254 (emphasis added)....
>
> Although the Supreme Court has not interpreted 28 U.S.C. § 2254 as requiring "that a prisoner be physically confined in order to challenge his sentence on habeas corpus," *Maleng v. Cook,* 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), "[t]he custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court,* 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in

custody" for the purposes of federal habeas corpus). As a result, "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Id.*

\* \* \*

Although [petitioner] is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based. He claims instead that, as it applies to him, Ohio's sexual-predator statute is unconstitutional ....

The Ninth Circuit ... has addressed this very question with regard to similar sexual-predator statutes, and has concluded that petitioners who have completed their prison sentences but who are required to register as sex offenders do not satisfy the "in custody" requirement of 28 U.S.C. § 2254 . *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir.1999) (dismissing a habeas petition after concluding that Oregon's sex-offender statute does not place an offender "in custody" for purposes of 28 U.S.C. § 2254 ); *Henry v. Lungren,* 164 F.3d 1240, 1241-42 (9th Cir.1999) (same conclusion for California statute); *Williamson v. Gregoire,* 151 F.3d 1180, 1184 (9th Cir.1998) (same conclusion for Washington statute). Instead, the court has held that the classification, registration, and notification requirements are "more properly characterized as a collateral consequence of conviction rather than as a restraint on liberty." *Williamson,* 151 F.3d at 1183.

The Ninth Circuit has noted that the federal court "precedents that have found a restraint on liberty rely heavily on the notion of a physical sense of liberty-that is, whether the legal disability in question somehow limits the putative habeas petitioner's movement." *Williamson,* 151 F.3d at 1183. For example, the Supreme Court has held that a paroled prisoner is still 'in custody' for purposes of federal habeas corpus because "the petitioner's release from physical confinement ... [i]s explicitly conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence,

and job, and refraining from certain activities." *Maleng,* 490 U.S. at 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (citing *Jones v. Cunningham,* 371 U.S. 236, 242, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)).

The Ohio sexual-predator statute places no such constraints on [petitioner's] movement. Like the Washington sexual-predator statute discussed in *Williamson,* the Ohio statute applies to [petitioner] "whether he stays in the same place or whether he moves," *Williamson,* 151 F.3d at 1184, and he must verify his address with the sheriff every 90 days even if he never leaves his house. [Petitioner's] ability to move to a different community or residence is therefore not conditioned on approval by a government official. Similarly, [petitioner's] continued freedom is not conditioned on his ability to remain employed, nor is he prohibited from engaging in any legal activities.

The Ohio Supreme Court has also held that the sexual-predator statute is remedial as opposed to punitive in nature. *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570, 585 (Ohio 1998) (holding that the Ohio sexual-predator statute "serves the solely remedial purpose of protecting the public" and that "there is no clear proof that [the statute] is punitive in its effect"). Although "the 'in custody' requirement may be satisfied by restraints other than criminal punishment," *Williamson,* 151 F.3d at 1184, the Ohio Supreme Court's conclusion that the sexual-predator statute is a form of civil regulation provides additional support for our conclusion that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole. *Compare Carafas v. LaVallee,* 391 U.S. 234, 237 & n. 6, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (referring to the loss of the right to vote and the ability to serve as a juror as "collateral consequences" of a conviction) *with Jones,* 371 U.S. at 241-42, 83 S.Ct. 373, 9 L.Ed.2d 285 (holding that a prisoner released on parole from immediate physical confinement was nonetheless sufficiently restrained in his freedom of movement as to be "in custody" for the purposes of federal habeas corpus). We therefore conclude that

[the] petition for a writ of habeas corpus was properly denied.

*Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140  (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

/s/  Terence P. Kemp
United States Magistrate Judge

9