# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ANDREW COX, JR.,**  CASE NO. 2:07-cv-0936
  JUDGE MARBLEY
  Petitioner,  MAGISTRATE JUDGE KEMP

v.

**TIMOTHY BRUNSMAN, Warden,**

  Respondent.

## OPINION AND ORDER

On September 5, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that respondent's motion to transfer this case to the United States Court of Appeals for the Sixth Circuit as a successive petition be denied and that this action be dismissed. Although the parties were specifically advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, no objections have been filed. Instead, petitioner has filed a motion for a stay. Doc. No. 8. Respondent opposes petitioner's request. Doc. No. 9. For the reasons that follow, petitioner's request for a stay, Doc. No. 8, is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner requests a stay of proceedings pursuant to Rule 62 of the Rules of United States Court of Federal Claims,[1] and pursuant to Rule 21 of the Federal Rules of Civil

---

[1] Rule 62 of the Rules of United States Court of Federal Claims provides:

(a) Automatic Stay; Exceptions-Injunctions and Patent Accountings.
Except as stated herein, no execution shall issue upon a judgment nor

shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.

(b) Stay on Motion for New Trial or for Judgment. In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to RCFC 59, or of a motion for relief from a judgment or order made pursuant to RCFC 60, or of a motion for amendment to the findings or for additional findings made pursuant to RCFC 52(b).

(c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

(e) Stay in Favor of the United States or Agency Thereof. When an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant.

Procedure, which provides:

> Rule 21. Misjoinder and Nonjoinder of Parties
>
> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Petitioner requests a stay so that he may "drop or add other respondents or... proceed with separate actions against respondents," or "until the State courts determine liability." *See Motion for Stay.* However, neither of the foregoing federal rules are relevant here. Further, the record fails to reflect that a stay of proceedings would be appropriate under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). As discussed by the Magistrate Judge, petitioner's claims challenging the constitutionality of his classification as a sexual predator fail to present an

---

(f) Stay According to State Law. [Not used.]

(g) Power of Appellate Court Not Limited. The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

(h) Stay of Judgment as to Multiple Claims or Multiple Parties. When a court has ordered a final judgment under the conditions stated in RCFC 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered.

issue appropriate for federal habeas corpus review.  *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).

Therefore, petitioner's request for a stay, Doc. No. 8, is **DENIED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

s/Algenon L. Marbley  
ALGENON L. MARBLEY  
United States District Judge